UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-117-FDW
(3:05-cr-104-FDW-DSC-22)

| | |
|---|---|
| ANTHONY DAMON SCOTT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Response to the Motion to Vacate, (Doc. No. 7). Petitioner is represented by Ross Richardson of the Federal Defenders of Western North Carolina. Petitioner moves this Court to vacate his conviction on the basis of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Because Petitioner's motion is untimely, the Court will dismiss the motion to vacate.

**I.      BACKGROUND**

Petitioner was indicted by the Grand Jury for the Western District of North Carolina on April 25, 2005, and charged, along with twenty-four others, with conspiracy to possess with intent to distribute at least five kilograms of cocaine and at least 50 grams of cocaine base, in violation of 21 U.S.C. § 846 ("Count One"); one count of possessing with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841 ("Count Five"); and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) ("Count Six"). (Criminal Case No. 3:05cr104, Doc. No. 10: Sealed Indictment). On July 6, 2005, the Government filed a notice listing Petitioner's two prior drug convictions:

1

(1) a conviction (not listed in Petitioner's PSR) for possession of cocaine in Mecklenburg County on around August 9, 1995; and (2) a conviction in Mecklenburg County for possession with intent to sell/deliver cocaine, for which Petitioner received eight to ten months of imprisonment. (Id., Doc. No. 173: Information to Establish Prior Conviction).

Several months later, Petitioner entered into a plea agreement with the Government, in which he agreed to plead guilty to Counts One and Six (the conspiracy charge and the firearm offense), and the Government agreed to dismiss the remaining § 841 count. See (Id., Doc. No. 234: Plea Agreement). In the written agreement, Petitioner acknowledged that he faced a minimum sentence of ten years of imprisonment and a maximum sentence of life imprisonment for the conspiracy offense and a minimum, five-year consecutive sentence for the firearm offense, id. at ¶ 4; Petitioner agreed that he should be held responsible for at least 150 grams but less than 500 grams of cocaine base, id. at ¶ 7(a); the Government agreed to withdraw/dismiss the § 851 notice, id. at 7(b); Petitioner acknowledged that the career offender provision of U.S.S.G. § 4B1.1 may apply to the determination of his sentence, id. at ¶ 7(f); Petitioner agreed to waive his rights to challenge his conviction or sentence on appeal or in any post-conviction proceeding, except for claims of ineffective assistance of counsel, prosecutorial misconduct, or the sentence if, and only if, the challenge pertained to an unanticipated guidelines issue that was inconsistent with the plea agreement or an unanticipated issue arising during the sentencing hearing that the district judge certified to be so unusual as to require review by the Fourth Circuit, id. at ¶ 20; and Petitioner agreed to cooperate with the Government, id. at ¶ 23.

Before sentencing, a probation officer prepared a pre-sentence report ("PSR") describing Petitioner's offense conduct, calculating Petitioner's total offense level, and summarizing Petitioner's criminal history. The probation officer recommended that Petitioner be held

responsible for between 150 and 500 grams of cocaine base, yielding a base offense level of 34. (PSR at ¶ 32). The probation officer also recommended that he receive a three-level minor role reduction and a three-level reduction for acceptance of responsibility. (Id. at ¶¶ 35; 39). The probation officer also recommended, however, that Petitioner be designated a career offender pursuant to U.S.S.G. § 4B1.1, in light of his prior drug conviction and his prior armed robbery conviction, and, as such, recommended that his total offense level was 34. (Id. at ¶ 40). The probation officer also determined that Petitioner had amassed eight criminal history points, placing him in criminal history category IV, but noting that, as a career offender, Petitioner should be category VI. (Id. at ¶ 52).

Also before sentencing, the Government filed a motion for downward departure pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, requesting a departure from Petitioner's "applicable guideline range" of 34/VI to 31/VI, yielding a new range of 188 to 235 months for the conspiracy offense. (Id., Doc. No. 418: Motion for Downward Departure). At the sentencing hearing, this Court granted the Government's motion for downward departure and sentenced Petitioner to 168 months of imprisonment on Count One and a consecutive 52 months of imprisonment on Count 6, for a total of 220 months of imprisonment. (Id., Doc. No. 445: Judgment). The Court issued the judgment on May 25, 2007, and Petitioner did not appeal.

More than five years later, on February 21, 2012, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255, seeking relief from his designation as a career offender in light of Simmons. Petitioner supplemented his arguments through counsel on April 3, 2013. (Doc. No. 4). On November 6, 2013, this Court ordered the Government to respond to Petitioner's motion. (Doc. No. 5). The Government filed its Response on December 12, 2013. (Doc. No. 7).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Paragraph 6 of 28 U.S.C. § 2255, which applies to initial motions to vacate, provides generally for a one-year statute of limitations from the date on which a petitioner's judgment becomes final. 28 U.S.C. § 2255(f)(1). Because Petitioner did not appeal, his conviction became final ten days after entry of judgment on May 25, 2007. Since Petitioner did not file his Section 2255 motion to vacate until more than five years later, his motion is therefore subject to dismissal as untimely under Section 2255(f)(1), and none of the other time periods set forth under Section 2255(f) applies. Moreover, even if the Court were to apply equitable tolling to Petitioner, he would still not be entitled to Simmons relief because he received a sentence that was within the statutory maximum sentence allowed. See United States v. Powell, 691 F.3d 554, 562 n.1 (4th Cir. 2012). In other words, Petitioner's claim of sentencing error is one of non-constitutional error, and he cannot show that this error resulted in a miscarriage of justice.[1] Therefore, even if he were not barred as untimely, his request for relief is not cognizable on collateral review.

---

[1] The Government does concede in its Response that Petitioner's designation as a career offender under U.S.S.G. § 4B1.1 was erroneous after Simmons.

In addition to the fact that the Section 2555 petition is time-barred and without merit, Petitioner's Simmons claim is subject to dismissal because he waived his right to bring this challenge in his plea agreement. Such a waiver is enforceable as long as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."); see also United States v. Copeland, 707 F.3d 522, 529-30 (4th Cir. 2013) (dismissing appeal of defendant challenging sentencing enhancement in light of Simmons because defendant waived his right to appeal his sentence in his plea agreement); United States v. Snead, No. 11-5100, 2012 WL 541755 (4th Cir. Nov. 7, 2012) (unpublished) (same).

Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a post-conviction proceeding. His challenge to his designation as a career offender is neither a claim of ineffective assistance of counsel, a claim of prosecutorial misconduct, nor the "unanticipated" sentencing issue allowed for in his plea agreement. Accordingly, none of the exceptions to his waiver applies, and, even if not time-barred, his request for relief should be dismissed because he waived his right to challenge his career offender designation.

## IV. CONCLUSION

For the foregoing reasons, the Court dismisses Petitioner's Section 2255 petition as untimely.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED** as untimely.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: December 16, 2013

Frank D. Whitney
Chief United States District Judge